IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Thomas Lee Fant, ) | Civil Action No.: 1:14-cv-4482-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Thomas Lee Fant ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Shiva V. Hodges for pretrial handling.

On August 28, 2015, the magistrate judge issued a Report and Recommendation in which she determined that the Commissioner's decision was based on substantial evidence. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 15 at 28.) The plaintiff filed Objections on September 27, 2015 (ECF No. 20), and on October 2, 2015, the Commissioner filed a Reply (ECF No. 22). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 44 years old on the date of the ALJ's unfavorable decision. (R. at 56.) He alleges disability due to head trauma. (R. at 57-58.) The plaintiff's application was denied initially and on reconsideration. (R. at 20.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on August 22, 2013, finding that the plaintiff was not disabled. (R. at 21-30, 36-90.) The Appeals Council denied the plaintiff's request for review (R. at 1-6), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on November 20, 2014. (ECF No. 1.)

## REPORT AND RECOMMENDATION

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 15 at 28.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court

is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.*

*Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on September 27, 2015 (ECF No. 20), and the Commissioner filed a reply on October 2, 2015 (ECF No. 22). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged failure to (1) consider the opinion of the plaintiff's treating physician, Dr. Robin Moody and (2) lay testimony concerning the effects of two vehicular accidents.[1]

Respectfully, the plaintiff's objection regarding the opinion evidence of Dr. Moody is somewhat hard to follow. The plaintiff seems to accuse the magistrate judge of wrongfully concluding that the ALJ had impliedly considered all the relevant regulatory factors in finding that Dr. Moody's cognitive testing was inconsistent with the record as a whole. The plaintiff then makes the assumption that the magistrate judge must, therefore, be referring to "the ALJ's unsupported finding that there was 'no evidence of an intervening organic event in the medical records that would account for the poor performance on cognitive tasks or the deficits reported by the psychological consultative examiner in November 2011.'" (Pl. Brief at 3 (citing R&R 19).) It is not entirely clear why the plaintiff

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

-4-

draws this very specific inference.  The magistrate judge discusses generally about various reasons why a perceived inconsistency between Dr. Moody's opinion and the record was supported by substantial evidence.  (R&R at 20-21.)  But, the plaintiff proceeds to explain in great detail how the lay testimony of her sister, regarding the effects of a 1991 accident did amount to testimony of an intervening event, apparently not properly considered by the ALJ and magistrate judge.  Critically, however, as the magistrate judge observed, the ALJ *expressly* discussed at length the sister's testimony concerning the 1991 accident and how it had impacted the plaintiff's condition.  (R. at 25.)  The ALJ explained all the reasons why other evidence, including the plaintiff's work history, justified rejecting it.  *Id*.

So, the ALJ cannot be charged with error by his having concluded there was "no evidence" that an intervening organic event occurred simply because the sister's testimony exists, as the plaintiff complains.  Rather, he rejected, categorically, that testimony as sufficient to establish a qualifying intervening event that explains additional impairment.  Effectively, therefore, "no evidence" on that point existed, precisely as the ALJ concluded.

The remainder of the plaintiff's argument, that the ALJ somehow improperly emphasized certain portions of Dr. Moody's testimony and not others, is a recitation of her initial brief and properly considered and rejected by the magistrate judge.  The magistrate judge's exposition of, and reliance on, *Tanner v. Commissioner of Social Sec.*, 602 F. App'x 95, 100 (4th Cir. 2015) (finding no reversible error where it was clear from the ALJ's RFC assessment that he accepted most of the medical source's findings) was proper.  As discussed, the ALJ neither "misstated" the lay evidence nor concluded that there "was no such evidence!" as the plaintiff exclaims.  (Obj. at 5.)   He specifically discussed it.  This repeated and overemphasized point, of the plaintiff, is hard to understand.

The plaintiff's second objection continues a discussion concerning the consideration

-5-

of the sister's testimony as to the 1991 and a subsequent, 2010, accident. Ironically, with respect to this objection, the plaintiff nowy concedes what the Court, above, and the magistrate judge, before it, had observed, that the sister's testimony was in fact discussed by the ALJ. But, the plaintiff contests the quality of the ALJ's refutation of it. The magistrate judge has already addressed these arguments and properly considered the treatment of the sister's various accounts and the weight accorded. (R&R at 26-29.) The Court need not consider, as a specific objection, numerous things that have been essentially and appropriately considered but rejected by the magistrate judge; it is duplicative to do otherwise and inconsistent with the intended process. *See Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *see also Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). Accordingly, the district court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note). The Court echos the recommended analysis in its adoption of the same.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the magistrate judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                                 /s/Bruce Howe Hendricks
                                               United States District Judge

October 23, 2015
Greenville, South Carolina